BWB:JMH
F. #2015R01172

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JACQUES DURAND,

        Defendant.

- - - - - - - - - - - - - - X

**15M 881**

TO BE FILED
UNDER SEAL

COMPLAINT AND
AFFIDAVIT IN
SUPPORT OF AN
ARREST WARRANT

(18 U.S.C. §§ 1029(a)(5))

EASTERN DISTRICT OF NEW YORK, SS:

      YSEULT BELFORT, being duly sworn, deposes and states that she is a Postal Inspector with the United States Postal Inspection Service, duly appointed according to law and acting as such.

      On or about and between December 3, 2014 and June 5, 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACQUES DURAND, did knowingly and with the intent to defraud, effect transactions with one or more access devices issued to another person, or persons, to wit, credit card account numbers, to receive payments or other things of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(5).

      (Title 18, United States Code, Section 1029(a)(5)).

2

The source of your deponent's information and the grounds for his/her belief are as follows:[1]

1. I am a Postal Inspector with the United States Postal Inspection Service ("the USPIS"). I have been personally involved in the investigation of this matter. I have been a Postal Inspector for approximately 13 years. I am currently assigned to the Queens Mail Theft team. I have participated in the investigation of numerous cases involving mail theft, identity theft, and credit card fraud. I am familiar with the facts and circumstances set forth below from my participation in this investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. I have experience in conducting physical surveillance and in executing search warrants.

2. On or about February 5, 2015, the USPIS received a complaint from an individual ("Complainant 1") who advised that, on two separate occasions, Complainant 1's parents observed an unknown person remove mail from their mailbox. Complainant 1 related to me a description of this unknown person that had been provided to Complainant 1 by Complainant 1's parents. Complainant 1 further stated that multiple members of Complainant 1's family, including Complainant 1 and Complainant 1's parents, have had credit card accounts opened in their names without their authorization. Complainant 1 further stated that accounts were established with Citibank and Capital One in the names of Complainant 1's

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

parents, and listing Complainant 1's parents' address in Cambria Heights, New York. Cambria Heights is located within the borough of Queens in the City of New York.

3. On or about February 6, 2015, I received information from Citibank indicating that a fraudulent credit card account had been opened in the name of Complainant 1. Further investigation revealed that this credit card had been used at an automated teller machine ("ATM") at a JPMorgan Chase Bank, NA ("JPMorgan") branch located in Elmont, New York. Elmont is located in Nassau County and is adjacent to Cambria Heights. A JPMorgan surveillance photograph obtained from that ATM at the time of the relevant transaction depicted an individual matching the description of the individual provided to me by Complainant 1, later learned to be the defendant, JACQUES DURAND.

4. On or about February 9, 2015, I received information from Capital One indicating that three fraudulent credit card accounts had been opened in the names of Complainant 1 and two of Complainant 1's relatives who bear the same last name. Capital One provided photographs taken by cameras installed on ATMs at various Capital One branches, photographs taken simultaneous to transactions associated with the fraudulent credit card accounts. These photographs depicted the same individual in the photograph described in paragraph 3., above, later learned to be the defendant, JACQUES DURAND.

5. On or about March 20, 2015, an individual ("Complainant 2") made a complaint to the New York City Police Department ("the NYPD") that someone had opened a Capital One credit card without Complainant 2's authorization. Complainant 2 provided information to the NYPD indicating that this unauthorized Capital One credit card had an account number ending in -5082 ("the -5082 Account"). Complainant 2 also provided information indicating that a credit card account had been opened at JPMorgan without

Complainant 2's authorization ("the -5532 Account"). Complainant 2 also provided information indicating that a credit card account had been opened at Bank of America without Complainant 2's authorization ("the -6492 Account").

6. On or about April 14, 2015, a United States Postal Service ("USPS") letter carrier ("the Carrier") notified the Elmont, New York branch of the USPS that the Carrier was being followed on the Carrier's postal route by a black male driving a black Nissan Maxima bearing the Massachusetts license plate 5YSV20 ("the Nissan Maxima"). The Carrier further stated that the Carrier had seen the same car and driver a few times during the preceding few days. The Carrier further stated that the Carrier had observed the driver of the Nissan Maxima approach various mailboxes in Elmont, New York.

7. USPIS inspectors checked the license plate of the Nissan Maxima in a license plate recognition database, which revealed that the Nissan Maxima was frequently parked near the corner of Ocean Avenue and Albemarle Road in Brooklyn, New York.

8. On or about May 6, 2015, USPIS inspectors conducted surveillance near this location and located the Nissan Maxima on Regent Place, a short distance from the corner of Ocean Avenue and Albemarle Road. The physical appearance of the driver of the Nissan Maxima matched the individual in the surveillance photos obtained from JPMorgan and Capital One described in paragraphs 3. and 4., above, that is, the defendant, JACQUES DURAND.

9. The Nissan Maxima is not registered to the defendant, but to another individual ("the Nissan Maxima Owner"). Further investigation revealed that the defendant JACQUES DURAND is the current or former boyfriend of the Nissan Maxima Owner and that the defendant and the Nissan Maxima Owner are the parents of two children.

10. On or about June 9, 2015, the defendant JACQUES DURAND was arrested in connection with a criminal matter pending in the Nassau County First District Court. During the course of his arrest, the defendant provided his cellular telephone number which ends in -9768 ("the -9768 Cell Phone").

11. Records obtained from Capital One reflect that multiple calls were made from the -9768 Cell Phone to Capital One concerning accounts opened in the names of various individuals. None of these accounts were opened in the name of the defendant JACQUES DURAND. For example, Capital One identified the -5082 Account opened in the name of Complainant 2 ("the -5082 Account"), referred to in paragraph 5., above. According to Capital One's records, more than $2,400 in unauthorized charges was drawn on the -5082 Account between March 2 and March 23, 2015. According to Capital One's records, at least 19 telephone calls occurred involving the -9768 Cell Phone that related to the -5082 Account between March 9 and March 22, 2015. Cameras installed on ATMs at Capital One branches captured photographs of the individual using the credit card linked to the -5082 Account on several occasions, including, for example, in connection with a cash advance of $400.00 drawn on the -5082 Account on or around March 16, 2015, at or around 7:29 A.M. at a Capital One Branch in Brooklyn, New York. The photographs obtained from the ATM at the time of this transaction appear to depict the defendant, JACQUES DURAND.

12. Records obtained from JPMorgan Chase Bank reflect that multiple calls were made from the -9768 Cell Phone to JPMorgan concerning accounts opened in the names of various individuals. None of these accounts were opened in the name of the defendant JACQUES DURAND. For example, one account was opened at JPMorgan in the name of Complainant 2 ("the -5532 Account"), referred to in paragraph 5., above. According to

JPMorgan's records, more than $17,000 in unauthorized charges was drawn on the -5532 Account between March 9 and March 19, 2015. According to JPMorgan's records, at least 10 telephone calls occurred involving the -9768 Cell Phone that related to the -5532 Account between March 17 and March 19, 2015.

13. Records obtained from Bank of America reflect that telephone calls were made from the -9768 Cell Phone to Bank of America concerning at least one credit card account opened in the name of Complainant 2 ("the -6492 Account"), referred to in paragraph 5., above. According to Bank of America's records, more than $8,000 in unauthorized charges was drawn on the -6492 Account between March 10 and March 21, 2015. According to Bank of America's records, a telephone call occurred involving the -9768 Cell Phone that related to the -6492 Account on March 23, 2015.

14. In summary, the defendant opened at least three credit card accounts in the name of Complainant 2, as summarized in the table below for reference.

| Account Number | Bank | Fraudulent Charges (Approx.) | First Fraudulent Charge | Last Fraudulent Charge |
|---|---|---|---|---|
| -5082 Account | Capital One | More than $2,400 | March 2, 2015 | March 23, 2015 |
| -5532 Account | JPMorgan | More than $17,000 | March 9, 2015 | March 19, 2015 |
| -6492 Account | Bank of America | More than $8,000 | March 10, 2015 | March 21, 2015 |

15. On or about June 23, 2015, I spoke with another individual ("Complainant 3"). Complainant 3 stated that, on or about January 2, 2015, Complainant 3 learned that a fraudulent credit card had been issued by Citibank to Complainant 3 without Complainant 3's authorization. Complainant 3 further stated that Citibank's records reflected that Complainant 3 had been sent a credit card at Complainant 3's home address located in

Elmont, New York. Complainant 3 further stated that Complainant 3 had informed Citibank that Complainant 3 had not received any such credit card.

16. Complainant 3 further advised me that, during the course of January 2015, Complainant 3 observed that mail appeared to have been stolen or removed from Complainant 3's mailbox. Complainant 3 further stated that, on or about January 26, 2015, Complainant 3 had observed a suspicious individual walking near Complainant 3's home. Complainant 3 further stated that Complainant 3 observed this individual enter a black Nissan automobile bearing a Massachusetts license plate. Complainant 3 wrote down the license plate number as "SYSV20".

8

WHEREFORE, your deponent respectfully requests that a warrant be issued directing the arrest of the defendant JACQUES DURAND, so that he may be dealt with according to law. I further request that the Court order that this application, including the affidavit and the arrest warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution.

YSEULT BELFORT
Postal Inspector
United States Postal Inspection Service

Sworn to before me this
15th day of September, 2015

THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK